## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**VIRGINIA B. STEPHENS,**                          :

     **Plaintiff,**                                    :

**vs.**                                          :   **CA 08-0163-C**

**MICHAEL J. ASTRUE,**                            :
**Commissioner of Social Security,**

     **Defendant.**                                 :

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and

1383(c)(3), seeking judicial review of a final decision of the Commissioner

of Social Security denying her claim for disability insurance benefits and

supplemental security income.  The parties have consented to the exercise

of jurisdiction by the undersigned, pursuant to 28 U.S.C. § 636(c), for all

proceedings in this Court.  (Doc. 16.)  Upon consideration of the

administrative record, plaintiff's proposed report and recommendation, the

Commissioner's brief, and the parties' arguments made at the October 29,

2008 hearing before the court, it is determined that the Commissioner's

decision denying benefits should be reversed and remanded for further

proceedings not inconsistent with this decision.[1]

---

[1] Any appeal taken from this memorandum opinion and order shall be made to the
Eleventh Circuit Court of Appeals, as the parties have previously agreed.  (Doc. 16)

Plaintiff primarily alleges disability from diabetes mellitus, hypertension, and carpal-tunnel syndrome.  The Administrative Law Judge (ALJ) made the following relevant findings:

**3.  The claimant has the following severe impairments: diabetes mellitus; hypertension; carpal tunnel syndrome; and low back pain (20 C.F.R. §§ 404.1520(b), 404.1571 *et seq.*, 416.920(b), and 416.971 *et seq.*).**

The above impairments cause limitations, both exertional and non[-]exertional in nature, which interfere with the claimant's ability to perform work[-]related activities.

**4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).**

**5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light exertion work.**

In making this finding, the undersigned considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p.  The undersigned also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p[,] and 06-3p.

.   .   .

**6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).**

2

.    .    .

**10.  Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR 404.1560(c), 404.1566, 404.1568(d), 416.960(c), 416.966, and 416.968(d)).**

.    .    .

**11.  The claimant has not been under a disability, as defined in the Social Security Act, from June 17, 2004, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).**

(Tr. 27-34.)  The Appeals Council denied Mrs. Stephens' request for review, and so the hearing decision became the final decision of the Commissioner of Social Security.  (Tr. 4.)

## DISCUSSION

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).  In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history.  *Id*. at 1005.  Once the claimant meets this burden, it becomes the Commissioner's burden to prove that the claimant is capable, given her age,

education, and work history, of engaging in another kind of substantial

gainful employment which exists in the national economy.  *Sryock v.*

*Heckler*, 764 F.2d 834, 836 (11th Cir. 1985.)

 The task for the Magistrate Judge is to determine whether the

Commissioner's decision to deny the claimant benefits on the basis that she

retains the residual functional capacity (RFC) to perform light work and

that there were other jobs in the national economy that she could perform is

supported by substantial evidence.  (Doc. 15, p. 1-2.)  Substantial evidence

is defined as more than a scintilla and means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.

*Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

As the Eleventh Circuit has stated, when determining whether substantial

evidence exists, "we must view the record as a whole, taking into account

evidence favorable as well as unfavorable to the [Commissioner's]

decision."  *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

 In this case, Plaintiff contends that the following major errors were

made: (1) the failure to develop a full and fair record of the claimant, (2) the

disregarding of the claimant's pain pursuant to SSR 96-7p, and (3) the

failure to consider all of the claimant's impairments and resulting

limitations in posing a hypothetical to the vocational expert.  (Doc. 13, p.

2.)  Specifically, Plaintiff claims that the ALJ erred in failing to provide

adequate reasons for his rejection of the contrary opinion of her treating physician– or his rejection of the Plaintiff's own pain testimony on the basis that she did not take her medication regularly.  It is clear that the burden is on the Commissioner at the fifth step of the sequential evaluation process to establish capacity to perform other work and thereby to establish the claimant's residual functional capacity.  *See Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).  This court has held on numerous occasions that the Commissioner's fifth-step burden cannot be met by a lack of evidence or, where available, by the RFC of a non-examing, reviewing physician,[2] *see*, *e.g.*, *Cosey v. Astrue*, CA 07-0846-C, but instead, this fifth-step burden must be supported by the residual functional capacity assessment of a treating or examining physician.  Such an assessment is particularly warranted where, as here, the ALJ has rejected the opinion of the plaintiff's most recent treating physician.  That man, Dr. Fred M. West, noted that Plaintiff was under a "chronic or constant" level of pain in both hands, and that she was a "diabetic with [a] poorly controlled blood sugar history." (Tr. 153.)  He again noted that her insulin-dependent diabetes mellitus was "poorly controlled" after a second visit, and concluded that "this patient is

---

[2] The opinion of a non-examining, reviewing physician is "entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990).

5

disabled [and therefore inable] to carry out gainful employment at this time and has been[,] apparently[,] for quite some time.  Hopefully she can get some help with her disability."  (Tr. 154.)  It is worth noting that Dr. West viewed the carpal tunnel syndrome impairment serious enough to recommend that she consult with a surgeon.  (Tr. 156.)  Having rejected Dr. West's testimony, the ALJ purports to rely on the medical evidence as a whole in making his RFC determination, particularly Dr. Roberts' observations that Plaintiff's diabetes and hypertension were fairly well controlled and failure to place restrictions on Plaintiff's activity.  (Doc. 15, p. 6.)  However, nowhere in the record does any physician equate any findings in the "record as a whole" to the ability to perform light work activity.  Instead, the ALJ performs this function while at the same time rejecting Dr. West's treating opinion.  This was error, *cf. Wind v. Barnhart*, 133 Fed.Appx. 684, 694, 2005 WL 1317040, *8 (11th Cir. 2005) ("The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, no[t] mere intuition or conjecture."), and should be corrected on remand.

In other words, having rejected West's assessment, the ALJ necessarily had to point to a PCE which supported his fifth-step determination that Plaintiff can perform light work activity.  Because this record contains no physical RFC assessment beyond that performed by a

disability examiner, which is entitled to no weight whatsoever, there is simply no basis upon which this court can find that the ALJ's light work RFC determination is supported by substantial evidence. This record does not reveal evidence that would support an inference that Plaintiff can perform the requirements of light work, and certainly an ALJ's RFC determination must be supported by substantial and tangible evidence, not mere speculation regarding what the evidence of record as a whole equates to in terms of physical abilities. *Cf. Cole v. Barnhart*, 293 F.Supp.2d 1234, 1242 (D.Kan. 2003) ("The ALJ is responsible for making a RFC determination, and he must link his findings to substantial evidence in the record and explain his decision.").

The Commissioner has not satisfied his fifth-step burden of proving that Plaintiff is capable of performing other work existing in significant numbers in the national economy and therefore, the Commissioner's decision denying claimant benefits is **REVERSED and REMANDED** for further proceedings not inconsistent with this decision.

Having come to the above decision, it is unnecessary for this court to further delve into the other claims of error presented by the plaintiff and so ends the inquiry here. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the misuse of the expert's testimony alone warrants a reversal, we do not consider the appellant's other claims.").

7

## CONCLUSION

It is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision.  The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for the purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shahala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this court's jurisdiction over this matter.

**DONE AND ORDERED** this 11th day of December, 2008.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE